# Supreme Court of the Navajo Nation

**Billy Williams, Plaintiff,**

v.

**Jackson Yazzie, Defendant.**

**Decided June 26, 1992**

## OPINION

Before AUSTIN, Acting Chief Justice, BLUEHOUSE and CADMAN, Associate Justices.

Opinion delivered by AUSTIN, Acting Chief Justice.

### I

This matter comes before the Court as two certified questions from the Window Rock District Court. The first asks, "Which court hears appeals from final judgments rendered in small claims proceedings?" The other asks,"What is the time period within which a party aggrieved by a final judgment in a small claims proceeding must file its appeal?" We hold that the Navajo Nation Supreme Court is the only court that may hear appeals from final judgments rendered in small claims proceedings, and that the deadline for filing such appeals is as stated by Rule 8(a) of the Navajo Rules of Civil Appellate Procedure.

### II

The original dispute below apparently centers on the ownership of a cow found in the grazing range of the plaintiff, Billy Williams, by the defendant, Jackson Yazzie. Yazzie filed a small claims suit in the Window Rock District Court, and on September 17, 1990, that court ruled that the cow must be turned over to Yazzie.

Williams then filed a new complaint in the Window Rock District Court, apparently contesting the judgment rendered by the court in the small claims proceeding. We accepted the two certified questions submitted by the district court. These questions are as follows:

1. Which court hears appeals from final judgments rendered in small claims proceedings?
2. What is the time period within which a party aggrieved by a final judgment in a small claims proceedings must file its appeal?

## III

Only the Navajo Nation Council can create a new court and give it jurisdiction. 7 N.T.C. § 201 (1985). Order No. SCF-02-90, Adopting the Rules for Small Claims Proceedings, was issued by this Court on February 27, 1990, pursuant to 7 N.T.C. § 601(a) (1985). That section authorizes the Navajo Nation Supreme Court to "adopt rules of pleading, practice, and procedure applicable to any or all proceedings in the Courts of the Navajo Nation." Thus, a new court of the Navajo Nation with separate jurisdiction could not have been created by our Order. Instead, the small claims proceedings is a proceeding of the existing trial courts, the Navajo Nation District Courts. 7 N.T.C. § 103 (1985). The purpose of this proceeding is to reduce litigation costs and to expedite resolution of disputes over money, by allowing parties to present their own cases using simplified procedures.

The right of appeal from a small claims judgment is limited to grounds that substantial justice was not done between the parties. Rule for Small Claims Proceedings No. 20. The district courts are not given appellate jurisdiction under Title 7 of the Navajo Nation Code, and certainly have no jurisdiction to hear appeals of their own judgments. As small claims judgments are determinations of the district courts, appeals from such judgments may be heard only by the Navajo Nation Supreme Court. 7 N.T.C. § 302 (1985).

The deadline for filing appeals of judgments rendered through small claims proceedings is the same as that for all other district court civil proceedings under Navajo Rules of Civil Appellate Procedure 8(a) — within thirty days of the entry of judgment, or ninety days if the appellant dies before the thirty days expire. See also 7 N.T.C. § 801(a) (1985).

As a final note, the case below belongs in small claims proceedings only if a sum of money is involved. Rule for Small Claims Proceedings No. 1. If this dispute involves a cow, as both parties indicate in their briefs, then the suit must be dismissed. The Navajo Peacemaker Courts are particularly appropriate for disputes of this nature.